# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STEVEN R. CHANCE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Cheatham County**
**Nos. 13214 & 13599        Robert E. Burch, Judge**

---

**No. M2010-02443-CCA-R3-HC - Filed June 29, 2011**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Steven R. Chance, appeals the trial court's dismissal of his petition for habeas corpus relief. Upon a review of the record, we are persuaded that the habeas corpus court was correct that the Petitioner is not entitled to habeas corpus relief. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rule of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Steven R. Chance, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The record reflects that the Petitioner is currently incarcerated for several convictions. In October of 1999, the Petitioner entered a plea of nolo contendre to felony

theft, and the trial court sentenced him as a Range II offender to six years. The trial court ordered the Petitioner to serve nine months in confinement and then to serve the balance of his sentence, five years and three months, on Community Corrections. In February 2001, the Petitioner pled guilty to aggravated assault, aggravated burglary, and evading arrest. The trial court sentenced him again as a Range II offender to an effective sentence of eight years in confinement. The judgment form for the aggravated burglary conviction indicates that the Petitioner's eight-year sentence was to run consecutively to the six-year sentence he was serving for his 1999 conviction.

In February 2001, the Petitioner filed a petition for post-conviction relief in which he requested, inter alia, jail credit for the time he served on Community Corrections. The trial court ordered that the Petitioner be given 303 days total credit for the time he spent outside the Department of Correction's custody and denied relief based upon the remaining issues raised in his petition. In August 2010, the Petitioner filed a petition for habeas corpus relief, alleging that he was being held past the expiration of his sentence because the Department of Correction had not properly applied his pretrial jail credits.

The habeas corpus court reviewed this issue, and it issued a written order denying the Petitioner habeas corpus relief without holding a hearing. The lower court's order states:

> The Petition alleges that he is being held past the expiration of his sentence. In Cheatham County case #13214, Petitioner was sentenced to six years on the 12th day of October 1999. He was given five month's jail credit, which essentially back dates his date of conviction to the 12th of May 1999. In Cheatham Count[y] case #13599, Petitioner was sentenced to eight years on the first day of February 2001, which sentence was to run consecutively to the sentence in #13214. This sentence did not start to run until the sentence in #13214 expired on May 12, 2006. Allowing jail credits in the order, Petitioner's sentence in #13599 expires on the 12th day of July 2012. Since he is not being held past that date, he is not entitled to relief under the Writ of Habeas Corpus.

Accordingly, the habeas corpus court denied the Petitioner's petition. It is from that judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that his sentence has expired because he was not properly awarded the appropriate jail credit. He asserts that the post-conviction court,

after an evidentiary hearing, awarded him 303 days of jail credit in case #13214 and 281 days of jail credit in case #13599. The State counters first that the Petitioner did not strictly comply with the procedural requirements of a petition for writ of habeas corpus because he failed to file his petition in the court most convenient in point of distance to the application and failed to attach sufficient documentation to support his claims. Further, the State contends, the Petitioner's sentence does not expire until 2012 because he was entitled to 303 days jail credit on the fourteen-year sentence he began serving on October 12, 1999.

Whether habeas corpus relief should be granted is a question of law. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). Thus, we apply de novo review and afford no presumption of correctness to the findings and conclusions of the court below. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Const. art. I, § 15; *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2009) *et seq*. Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Edwards*, 269 S.W.3d 919; *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008). "'[A] petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction.'" *Edwards*, 269 S.W.3d 920, 2008 WL 4248714, at *3 (quoting *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963)). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statue, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d at 344 (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

If after a review of the habeas petitioner's filings the habeas corpus court

determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109, *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no Tenn. R. App. P. 11 application filed*.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at Tennessee Code Annotated section 29-21-107, and a trial court "may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman*, 153 S.W.3d at 21.

In the case under submission, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. First, the Petitioner failed to file his petition in the proper court. The petition should have been filed in the court most convenient in point of distance to the application. T.C.A. § 29-21-105. The Petitioner is incarcerated in Hardeman County and filed his petition in Cheatham County. While he explained that he believed Cheatham County was a better venue because all the paperwork in this case was administered by Cheatham County, this Court has repeatedly held that the convenience of access to paperwork pertaining to a petitioner's case is not a sufficient reason for filing in a court other than one where the petitioner is incarcerated. *Ashad R.A. Muhammad Ali v. State*, No. M2010-01832-CCA-R3-HC, 2011 WL 1876891, at *2 (Tenn. Crim. App., at Nashville, May 11, 2011), *no Tenn. R. App. P. 11 application filed.* The Petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. *See Clifford W. Rogers v. State*, No. W2002-02268-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 326 (Tenn. Crim. App., at Jackson, March 25, 2003) (not cited in Westlaw).

Further, the paperwork attached to the petition references case #13599 and not case #13214. The "Exhibit B" to the Petitioner's habeas corpus petition states that his sentence in case #13599 should run consecutively to case #13214 and notes the credits applied in case #13214, but it does not note what, if any, jail credits apply to his sentence in case #13599. Without documentation from case #13599, we cannot determine whether the jail credits were appropriately applied. It is the Petitioner's duty to ensure all appropriate documentation is attached to his petition. *See* T.R.A.P. 24(b); *State v.*

*Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). Thus, the petition could also have been dismissed on this basis alone. *See Rogers*, 2003 Tenn. Crim. App. LEXIS 326**.**

Even if the petition had complied with the statutory requirements, we conclude that the habeas corpus court, which dismissed the petition based upon its merits, did not err. This Court has recently concluded that the trial court's failure to award jail credit is a cognizable claim for relief. In *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009). The Court in *Tucker* stated:

> Although claims "relative to the calculation of sentencing credits and parole dates" must be reviewed pursuant to the Uniform Administrative Procedures Act rather than via a petition for writ of habeas corpus, this general rule does not apply to the award of pretrial jail credits. The award of sentence reduction credits is governed by Code section 41-21-236, which provides that "[n]o inmate shall have the right to any such time credits," T.C.A. § 41-21-236(a)(2)(C) (2006), and that "[s]entence credits shall not be earned or credited automatically, but rather shall be awarded on a monthly basis to an inmate at the discretion of the responsible warden in accordance with the criteria established by the department." Id. § 41-21-236(a)(3). Because there is no statutory right to sentence reduction credits and because the grant or denial of such credits lies solely within the discretion of the warden of the institution wherein the inmate is incarcerated, claims regarding the miscalculation or misapplication of sentence reduction credits are not cognizable in a habeas corpus petition, which is available only to contest a void judgment.
>
> The award of pretrial jail credits, on the other hand, lies strictly within the purview of the trial court rather than the Department of Correction. Id. § 40–23–101(c); *see also Mark Grimes [v. Tony Parker*, No. W2007-00169-CCA-R3-HC, 2008 WL 141129, at *3 (Tenn. Crim. App., at Jackson, Jan. 14, 2008), *no Tenn. R. App. P. 11 application filed*] . . . . Unfortunately, this Court has far too often conflated sentence reduction credits, which are governed solely by the Department of Correction, with pretrial and post-judgment jail credits, which can be awarded only by the trial court. As a result, some of the opinions of this court erroneously hold that a petitioner may only challenge the trial court's failure to award pretrial jail credits via the Uniform Administrative Procedures Act. *See, e.g., Steven Lamont Anderson v. State*, No. W2006-00866-CCA-R3-HC, 2009 WL 536993 (Tenn. Crim. App., Jackson, Mar. 2, 2009). As noted by Judge Tipton in his concurring opinion in *State v. Greg Smith*, No. E2003-01092-

CCA-R3-CD, 2004 WL 305805 (Tenn. Crim. App., Knoxville, Feb. 18, 2004), however, "the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The DOC is powerless to change what the trial court awarded or failed to award." *Greg Smith* (Tipton, J., concurring). In consequence, any resort to administrative avenues of relief to address the trial court's failure to award pretrial jail credits would be futile.

*Tucker*, 335 S.W.3d at 122 (footnote omitted). Therefore, the Petitioner's contentions in this case were properly reviewable by the habeas corpus court.

The habeas corpus court, however, found that the Petitioner's sentence had not expired because, according to the court's calculations, which took into account the 303 days of jail credit awarded to the Petitioner, he had not served time beyond that to which he was sentenced. We conclude that, based upon the record before us, the evidence supports the habeas corpus court's findings. The Petitioner began serving his sentence on October 12, 1999. Including the Petitioner's 303 days of jail credit, he would not be eligible for release until July 12, 2012. He is not, therefore, entitled to habeas corpus relief.

### III. Conclusion

Upon due consideration of the pleadings, the record, and the applicable law, this Court concludes that the petition was properly dismissed. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance to Rule 20, Rule of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE